[2006]). We agree. "[T]he failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]). To the extent that prior decisions of this Court would require preservation of defendant's contention (*see e.g. People v Pan Zhi Feng*, 15 AD3d 862 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Roddy*, 295 AD2d 965 [2002]), those decisions are no longer to be followed. In light of our determination, we need not address defendant's remaining contentions.

All concur, Lawton, J., not participating. Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. BRAND, Appellant. [817 NYS2d 459]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 30, 1999. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law, the plea is vacated and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that his plea was not knowingly, voluntarily, and intelligently entered because he was not advised of the mandatory period of postrelease supervision at the time of the plea or at the sentencing proceeding, nor did he have notice of the mandatory period of postrelease supervision because Supreme Court did not impose a period of postrelease supervision at sentencing (*see People v Simpson*, 30 AD3d 1112 [2006]; *cf. People v Vance*, 27 AD3d 1015 [2006]). We agree, and thus we further agree with defendant that reversal is required (*see Simpson*, 30 AD3d 1112).

All concur, Lawton, J., not participating. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.

In the Matter of ROBERT N. BAKALIK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [815 NYS2d 852]—Order entered granting motion for default. Same memorandum as in *Matter of*

*Bakalik* (30 AD3d 1114 [2006]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.

■ In the Matter of ROBERT N. BAKALIK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [815 NYS2d 836]—Order of disbarment entered. Memorandum: Respondent's unexcused failure to appear or answer the petition constitutes a default (*see Matter of Termini*, 28 AD3d 1256 [2006]; *Matter of Hensel*, 24 AD3d 1324 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.

■ In the Matter of NIGEL MUNROE ATWELL, an Attorney, Resignor. [815 NYS2d 835]—Voluntary resignation accepted and name removed from roll of attorneys (*see Matter of Manown*, 240 AD2d 83 [1998]). Present—Scudder, J.P., Gorski, Green, Pine and Hayes, JJ. (Filed May 9, 2006.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ALBERT, Appellant. [817 NYS2d 196]—Motion for writ of error coram nobis denied. Present—Hurlbutt, J.P., Kehoe, Green and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX BLACK, Appellant. [816 NYS2d 398]—Motion for writ of error coram nobis denied. Present—Kehoe, J.P., Gorski, Martoche and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PEARCE, Appellant. [816 NYS2d 398]—Motion for writ of error coram nobis denied. Present—Pigott, Jr., P.J., Hurlbutt, Scudder and Green, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED ADKINS, Appellant. [816 NYS2d 398]—Motion for writ of error coram nobis denied. Present—Hurlbutt, J.P., Kehoe, Pine and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE PRICE, Appellant. [816 NYS2d 398]—Motion for writ of error coram nobis denied. Present—Hurlbutt, J.P., Kehoe, Smith and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THANG THANH NGUYEN, Appellant. [817 NYS2d 196]—Motion for writ of error coram nobis denied. Present—Scudder, J.P., Green, Pine and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE W. STOKES, Appellant. [816 NYS2d 398]—Motion for